UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

ADVANCED EQUITY PARTNERS, LLC,
PREMIERE CONSULTING, LLC,
PETER D. KIRSCHNER, AND STUART M.
RUBENS,

        Defendants.

## CONSENT OF DEFENDANT ADVANCED EQUITY PARTNERS, LLC
## TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

  1. Defendant Advanced Equity Partners, LLC waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over it and over the subject matter of this action.

  2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Advanced Equity Partners admits), Advanced Equity Partners consents to the entry of the Judgment Of Permanent Injunction and Other Relief in the form attached (the "Judgment") and incorporated by reference herein, which, among other things permanently restrains and enjoins Advanced Equity Partners from violations of Sections 5(a) and (c) and 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Exchange Act Rule 10b-5.

1

3. Advanced Equity Partners agrees the Court shall order disgorgement of ill-gotten gains, prejudgment interest, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act. Advanced Equity Partners further agrees the amount of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from March 3, 2012, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Advanced Equity Partners further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Advanced Equity Partners will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Advanced Equity Partners may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4. Advanced Equity Partners waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Advanced Equity Partners waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6. Advanced Equity Partners enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to Advanced Equity Partners or to anyone acting on its behalf to induce Advanced Equity Partners to enter into this Consent.

7. Advanced Equity Partners agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8. Advanced Equity Partners will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Advanced Equity Partners waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to it of the Judgment's terms and conditions. Advanced Equity Partners further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Advanced Equity Partners has received and read a copy of the Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Advanced Equity Partners in this civil proceeding. Advanced Equity Partners acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Advanced Equity Partners waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any

remedy or civil penalty herein. Advanced Equity Partners further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Advanced Equity Partners understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

   11. Advanced Equity Partners understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that it neither admits nor denies the allegations." As part of Advanced Equity Partners' agreement to comply with the terms of Section 202.5(e), Advanced Equity Partners: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Advanced Equity Partners does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Advanced Equity Partners does not deny the allegations; and (iii) upon the filing of this Consent, Advanced Equity Partners hereby withdraws any papers filed

in this action to the extent that they deny any allegation in the complaint. If Advanced Equity Partners breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Advanced Equity Partners': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Advanced Equity Partners hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Advanced Equity Partners to defend against this action. For these purposes, Advanced Equity Partners agrees it is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Advanced Equity Partners (i) agrees to make its representatives appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints its undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses its travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per

diem rates; and (v) consents to personal jurisdiction over it in any United States District Court for purposes of enforcing any such subpoena.

14. Advanced Equity Partners agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

15. Advanced Equity Partners agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 9/16/13

ADVANCED EQUITY PARTNERS, LLC

By: _____
PETER D. KIRSCHNER
Managing Member
Advanced Equity Partners, LLC
3325 Hollywood Blvd, Suite 307
Hollywood, Florida   33026-6926

On 9/13, 2013, Peter Kirschner, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: Nov 18, 2015

MILAGROS SEPULVEDA
Notary Public - State of Florida
My Comm. Expires Nov 18, 2015
Commission # EE 115974
Bonded Through National Notary Assn.

Approved as to form:

_____
ALLAN M. LERNER, ESQ.

Attorney for Advanced Equity Partners, LLC
Law Offices of Allan M. Lerner, Esq.
2888 East Oakland Park, Blvd.
Fort Lauderdale, FL   33306

6