UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-62100-ROSENBAUM

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ADVANCED EQUITY PARTNERS, LLC,
PREMIERE CONSULTING, LLC,
PETER D. KIRSCHNER, AND STUART M.
RUBENS,

Defendants.

JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF
AS TO DEFENDANT STUART M. RUBENS

The Securities and Exchange Commission having filed a Complaint, and Defendant Stuart M. Rubens having entered a general appearance; consented to the Court's jurisdiction over him and over the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

**SECTION 10(b) AND RULE 10b-5 OF THE SECURITIES EXCHANGE ACT OF 1934**

**IT IS ORDERED AND ADJUDGED** that Rubens and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange

Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

  (A) any investment in or offering of securities;

  (B) the registration status of such offering or of such securities;

  (C) the prospects for success of any product or company;

  (D) the use of investor funds; or

  (E) the misappropriation of investor funds or investment proceeds.

## II.

### SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that Rubens and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual

notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly,

(i) creating a false appearance or otherwise deceiving any person, or

(ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A)    any investment in or offering of securities;

    (B)    the registration status of such offering or of such securities;

    (C)    the prospects for success of any product or company;

    (D)    the use of investor funds; or

    (E)    the misappropriation of investor funds or investment proceeds.

### III.

### SECTION 15(a) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Rubens and his agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby retrained and enjoined from violating, directly or indirectly, Section 15(a) of the Securities Exchange Act [15 U.S.C. § 78o], by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered with the Commission.

### IV.

### SECTION 5(a) AND 5(c) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Rubens and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

4

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## V.

### PENNY STOCK BAR

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Rubens is barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; barred from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock, pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)], and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

## VI.

### DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Rubens shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C.

§ 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from July 28, 2011, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement or civil penalties, or both, and at any hearing held on such a motion (a) Rubens will be precluded from arguing that he did not violate the federal securities laws as alleged in the complaint; (b) Rubens may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement or civil penalties, or both, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

## **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and for the purposes of entertaining any motions by the Commission for disgorgement, civil penalties, or both.

## VII.

## RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice. The Clerk of the Court shall **CLOSE** this case

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 3rd day of October 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record