UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-62100-MORENO

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

ADVANCED EQUITY PARTNERS, LLC

                Defendant.

## FINAL JUDGMENT OF DISGORGEMENT AND PREJUDGMENT INTEREST AS TO DEFENDANT ADVANCED EQUITY PARTNERS, LLC

The Securities and Exchange Commission having filed a Complaint, and Defendant Advanced Equity Partners, LLC ("AEP") having entered a general appearance; consented to the Court's jurisdiction over it and over the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction and except as otherwise provided herein in Section II); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

## PAYMENT OF DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS ORDERED AND ADJUDGED** that AEP is liable for disgorgement of $1,076,470, representing profits gained as a result of the conduct alleged in the Complaint, of which Peter D. Kirschner and Stuart Rubens are each jointly and severally liable for $291,000, together with prejudgment interest of $46,464.92. AEP shall satisfy this obligation by paying

$1,122,934.92 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

AEP may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. AEP may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Advanced Equity Partners, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

AEP shall simultaneously transmit photocopies of evidence of payment and case identifying information to Robert K. Levenson, the Commission's counsel in this action, at 801 Brickell Avenue, Suite 1800, Miami, FL, 33131. By making this payment, AEP relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to AEP.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. AEP shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission

shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## II.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by AEP, and further, any debt for disgorgement, prejudgment interest, or other amounts due by AEP under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by AEP of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## III.

## CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that the Commission's claim for a civil penalty against AEP is dismissed.

3

IV.

## INCORPORATION OF ADVANCED EQUITY PARTNER'S CONSENT

**IT IS FURTHER ORDER AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and AEP shall comply with all the undertakings and agreements set forth therein.

V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

## RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at _Miami_, Florida, this _9_ day of _December_, 2014.

_____
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-62100-MORENO

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

v.

PREMIERE CONSULTING, LLC

       Defendant.

### FINAL JUDGMENT OF DISGORGEMENT AND PREJUDGMENT INTEREST AS TO DEFENDANT PREMIERE CONSULTING, LLC

The Securities and Exchange Commission having filed a Complaint, and Defendant Premiere Consulting, LLC ("Premiere") having entered a general appearance; consented to the Court's jurisdiction over it and over the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction and except as otherwise provided herein in Section II); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

### PAYMENT OF DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS ORDERED AND ADJUDGED** that Premiere is liable for disgorgement of $1,360,764, representing profits gained as a result of the conduct alleged in the Complaint, of which Peter D. Kirschner and Stuart Rubens are each jointly and severally liable for $139,000,

together with prejudgment interest of $58,736.24. Premiere shall satisfy this obligation by paying $1,418,500.24 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Premiere may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Premiere may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Premiere Consulting, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Premiere shall simultaneously transmit photocopies of evidence of payment and case identifying information to Robert K. Levenson, the Commission's counsel in this action, at 801 Brickell Ave., Suite 1800, Miami, FL, 33131. By making this payment, Premiere relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Premiere.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Premiere shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## II.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Premiere, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Premiere under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Premiere of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

3

### III.

### CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that the Commission's claim for a civil penalty against Premiere is dismissed.

### IV.

### INCORPORATION OF PREMIERE CONSULTING'S CONSENT

**IT IS FURTHER ORDER AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Premiere shall comply with all the undertakings and agreements set forth therein.

### V.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### VI.

### RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at *Miami*, Florida, this _9_ day of _December_, 2014.

_____
UNITED STATES DISTRICT JUDGE

Copies:

*All Counsel of Record*

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-62100-MORENO

SECURITIES AND EXCHANGE
COMMISSION,

                            Plaintiff,

v.

PETER D. KIRSCHNER,

                            Defendant.

## FINAL JUDGMENT OF DISGORGEMENT, PREJUDGMENT INTEREST AND A CIVIL PENALTY AS TO DEFENDANT PETER D. KIRSCHNER

The Securities and Exchange Commission having filed a Complaint, and Defendant Peter D. Kirschner having entered a general appearance; consented to the Court's jurisdiction over him and over the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

### PAYMENT OF DISGORGEMENT, PREJUDGMENT INTEREST AND A CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that Kirschner is liable for disgorgement of $430,000 representing profits gained as a result of the conduct alleged in the Complaint of which Advanced Equity Partners, LLC is jointly and severally liable for $291,000 and Premiere Consulting is jointly and severally liable for $139,000, together with prejudgment interest of $18,560.58, and a civil penalty of $200,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Kirschner

shall satisfy this obligation by paying $648,560.58 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Kirschner may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Kirschner may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Peter D. Kirschner as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Kirschner shall simultaneously transmit photocopies of evidence of payment and case identifying information to Robert K. Levenson, the Commission's counsel in this action, at 801 Brickell Avenue, Suite 1800, Miami, FL, 33131. By making this payment, Kirschner relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Kirschner.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Kirschner shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission

shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Kirschner shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Kirschner's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part Kirschner's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Kirschner shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Kirschner by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

3

Kirschner shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Kirschner pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Kirschner shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Kirschner pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## II.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Kirschner, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Kirschner under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Kirschner of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

III.

## INCORPORATION OF PETER D. KIRSCHNER'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Kirschner shall comply with all the undertakings and agreements set forth therein.

IV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

## RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at _Miami_, Florida, this ___ day of _December_, 2014.

_____
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-62100-MORENO

SECURITIES AND EXCHANGE
COMMISSION,

                        Plaintiff,

v.

STUART M. RUBENS,

                        Defendant.

## FINAL JUDGMENT OF DISGORGEMENT, PREJUDGMENT INTEREST AND A CIVIL PENALTY AS TO DEFENDANT STUART M. RUBENS

The Securities and Exchange Commission having filed a Complaint, and Defendant Stuart M. Rubens having entered a general appearance; consented to the Court's jurisdiction over him and over the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

### PAYMENT OF DISGORGEMENT, PREJUDGMENT INTEREST AND A CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that Rubens is liable for disgorgement of $430,000 representing profits gained as a result of the conduct alleged in the Complaint of which Advanced Equity Partners, LLC is jointly and severally liable for $291,000 and Premiere Consulting is jointly and severally liable for $139,000, together with prejudgment interest of $18,560.58, and a civil penalty of $150,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Rubens shall

satisfy this obligation by paying $598,560.58 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Rubens may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Rubens may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Stuart M. Rubens as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Rubens shall simultaneously transmit photocopies of evidence of payment and case identifying information to Robert K. Levenson, the Commission's counsel in this action, at 801 Brickell Avenue, Suite 1800, Miami, FL, 33131. By making this payment, Rubens relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Rubens.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Rubens shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission

shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Rubens shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Rubens' payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part Rubens' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Rubens shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Rubens by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

3

Rubens shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Rubens pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Rubens shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Rubens pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## II.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Rubens, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Rubens under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Rubens of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## III.

## INCORPORATION OF STUART M. RUBENS' CONSENT

**IT IS FURTHER ORDER AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Rubens shall comply with all the undertakings and agreements set forth therein.

IV.

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

**RULE 54(b)**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9 day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record